# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

March 20, 2009

Charles R. Fulbruge III
Clerk

No. 08-50091
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

ALEJANDRO MENDOZA-RICO

Defendant-Appellant

Appeals from the United States District Court
for the Western District of Texas
USDC No. 2:07-CR-505-ALL

Before KING, DENNIS, and OWEN, Circuit Judges.

PER CURIAM:[*]

Alejandro Mendoza-Rico (Mendoza) appeals the sentence imposed following his guilty plea conviction for illegal reentry following deportation. He argues that the 36-month sentence imposed by the district court was unreasonable under 18 U.S.C. § 3553(a). Mendoza contends that the sentence imposed is greater than necessary to deter further criminal conduct or to protect the public from additional crimes and that there is no evidence that a 36-month sentence was necessary to provide him with educational or vocational training, medical care, or other correctional treatment. He asserts for the first time on

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

appeal that his motive for returning to the United States was to seek employment to assist his family and that this mitigates the seriousness of his offense.

The district court determined that Mendoza's extensive criminal history, which included 26 convictions, was not adequately accounted for under the advisory guidelines range, which awarded him criminal history points for just three of those prior convictions. The district court based its decision on all of the relevant factors and noted that the advisory guidelines range was not adequate considering the amount of uncounted criminal history, the history and characteristics of the defendant, the need to provide just punishment, and the need to deter future criminal conduct and to protect the public. Mendoza has not shown that the sentence imposed was unreasonable. *See Gall v. United States*, 128 S. Ct. 586, 596-97 (2007)*; United States v. Smith*, 440 F.3d 704, 709-10 (5th Cir. 2006).

To the extent that Mendoza asserts for the first time on appeal that U.S.S.G. § 2L1.2 is not empirically supported as required by *Kimbrough v. United States*, 128 S. Ct. 558, 570 (2007), for a presumption of reasonableness to attach to a within guidelines sentence, his argument is reviewable for plain error and is misplaced as the district court imposed a nonguidelines sentence. *See United States v. Campos-Maldonado*, 531 F.3d 337, 339 (5th Cir. 2008), *cert. denied,* 129 S. Ct. 328 (2008).

In light of *Apprendi v. New Jersey*, 530 U.S. 466 (2000), Mendoza challenges the constitutionality of 8 U.S.C. § 1326(b)'s treatment of prior felony and aggravated felony convictions as sentencing factors rather than elements of the offense that must be found by a jury. This argument is foreclosed by *Almendarez-Torres v. United States*, 523 U.S. 224, 235 (1998). *United States v. Pineda-Arrellano*, 492 F.3d 624, 625 (5th Cir. 2007), *cert. denied*, 128 S. Ct. 872 (2008).

AFFIRMED.